**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

Guillermo Antonio Guadarrama de Andrade,

Petitioner,

vs.

Case No. 0:26-cv-01187-DMT-DTS

Kristi Noem, Secretary, Department of Homeland Security, et al.,

Respondents.

---

**ORDER DENYING MOTION FOR RECONSIDERATION**

---

[¶ 1]   THIS MATTER comes before the Court on Motion for Reconsideration filed on February 19, 2026. Doc. No. 9. The Court denied without prejudice a Petition for Writ of Habeas Corpus the same day. Doc. No. 8.

[¶ 2]   Petitioner raises the same arguments from his petition, namely that because he entered through a valid visa waiver program and his pending asylum application has "effectively freezes the lawful status as long as the asylum application is pending." Doc. No. 9, p. 3 n.1. But even if he were removable, he entered lawfully and therefore, should be categorized under Section 1226, not 1225. Id.

[¶ 3]   In paragraph 12, the Court stated the Petitioner did not lawfully enter the country after inspection. Doc. No. 8. This statement was erroneous. However, the crux of the Court's reasoning is unchanged. Petitioner is still an applicant for admission because he is present and has not been admitted. Id. (citing Jennings v. Rodriguez, 583 U.S. 281, 287 (2018) ("Under [ ] 8 U.S.C. § 1225, an alien who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'")). Petitioner did not overstay a visa, which

- 1 -

would make him subject to § 1226. See id. ¶ 16 ("Section 1226(a) supplies detention authority for the significant group of aliens who are not "applicants for admission" and hence not subject to Section 1225(b)(2)(A), such as aliens who were previously lawfully admitted to the United States but are now removable.").

[¶ 4]   Instead, Petitioner filed an application for asylum, which puts him in the category of those "seeking admission" under § 1225. Id. ¶ 13 (citing Chen v. Almodovar, Case No. 1:25-cv-8350, 2025 WL 3484855, at *6 (S.D.N.Y. Dec. 4, 2025) ("If actively 'seeking admission' is a distinct requirement for mandatory detention pursuant to § 1225, seeking asylum is 'seeking admission,' within the meaning of the statute, since 'admission' is defined in terms of 'lawful' status, 8 U.S.C. § 1101(a)(13)(A), not physical presence on U.S. soil.")).

[¶ 5]   Unlike Cordoba-Hernandez, Petitioner is not part of any program that gives him the status of being "treated as lawfully present." Doc. No. 9 (quoting Cordoba-Hernandez v. Noem, No. 26-cv-800 (DMT/JFD), Slip Op. at 3 (D. Minn. Feb. 5, 2026)). In that case the petitioner has DACA status that stated he was not removable. In this case, according to the information and record before the Court, a pending asylum application permits an applicant to remain but does not bar removal. See Doc. No. 7-1. At the top of the Petitioner's application receipt notice, it states in large bold letters: "THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT." Id.

[¶ 6]   "The Judiciary does not set immigration policy or decide enforcement priorities." Noem v. Vasquez Perdomo, 146 S. Ct. 1, 5 (2025) (mem.) (Kavanaugh, J, concurring in the grant of the application for stay). Accordingly, for the reasons set forth above, the Petitioner's Motion for Reconsideration (Doc. No. 9) is **DENIED**.

- 3 -

[¶ 7]   **IT IS SO ORDERED**.

DATED February 20, 2026.

Daniel M. Traynor, District Judge
United States District Court